**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BAYER CROPSCIENCE LP et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:23-CV-00087-JAR |
| ) | |
| DANNY GLASS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

On January 25, 2023, Bayer CropScience LP and Monsanto Technology LLC filed six complaints against different defendants, including Danny Glass.[1] In four of those complaints, Plaintiffs alleged that the defendants sprayed unapproved dicamba-based herbicides on their crops of Bayer-patented soybeans, in violation of their contracts and legal obligations. Plaintiffs did not include those allegations against Glass because, at the time, there was no evidence Glass sprayed the unapproved herbicide. Plaintiffs claim that that changed in December 2023, when Glass served two discovery responses admitting that he sprayed the soybeans with dicamba herbicide. Plaintiffs accordingly move for leave to amend their complaint to assert four additional claims based on Glass's admissions. ECF No. 23.[2] Though the deadline to do so passed on September 5, 2023, (ECF No. 22), Plaintiffs claim that they have good cause to amend

---

[1] These actions are now consolidated in Case No. 4:23-cv-83. (*See* Case No. 4:23-cv-87, ECF No. 15).

[2] After Plaintiffs moved for leave to amend the complaint, the Court issued a notice that the proposed amended complaint attached to the motion did not comply with the Court's local rules requiring new material in an amended pleading to be underlined and omitted materials to be struck through. ECF No. 24. Shortly thereafter, Plaintiffs filed a motion to supplement their motion with a proposed amended complaint complying with the Court's local rules.

the complaint because they were previously unaware of the factual basis for the proposed claims. Glass has not opposed or otherwise responded to Plaintiffs' motion.

When a party seeks to amend a pleading after the deadline in the applicable case management order, Federal Rule of Civil Procedure 16(b) requires "a showing of good cause." *Kmak v. American Century Cos.*, Inc., 873 F.3d 1030, 1034 (8th Cir. 2017) (quoting *Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 977 (8th Cir. 2013)). Good cause generally requires a change in the law, the discovery of new facts, or some other change in circumstances. *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). "The primary measure of good cause is the movant's diligence[.]" *Kmak*, 873 F.3d at 1034 (quoting *Hartis*, 760 F.3d at 786). If good cause is established, a court will then consider whether amendment is proper under Rule 15(a). *Nestle Purina Petcare Co. v. The Blue Buffalo Co., Ltd.*, No. 4:14–CV–859 RWS, 2016 WL 4272241, at *2 (E.D. Mo. Aug. 12, 2016) (citing *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)). Under this liberal standard, a court may deny leave to amend "only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018); *see also Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001).

Here, Plaintiffs have good cause to amend the complaint because they did not become aware of the factual basis for their proposed claims until Glass admitted to using the unapproved herbicide in his December 18 and 19, 2023, discovery responses. Glass has not responded to Plaintiffs' motion, and the Court is unaware of any reason to believe that Plaintiffs were less-than-diligent in uncovering this evidence or of any other reason to deny Plaintiffs' motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend/Correct [ECF No. 23] and Motion to Supplement [ECF No. 25] are **GRANTED**.

Dated this 25th day of March 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE