IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BAYER CROPSCIENCE LP and MONSANTO TECHNOLOGY LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>DANNY GLASS,<br><br>    Defendant. | Case No. 4:23-CV-00087 JAR |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

### I.  PARTIES

Plaintiffs are Bayer CropScience LP and Monsanto Technology, LLC (sometimes collectively referred to hereinafter as "Bayer"). Bayer CropScience LP is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri. Monsanto Technology, LLC is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri.

Defendant Danny Glass d/b/a Glass Farms ("Glass" or "Defendant") is an individual and citizen of Missouri. Defendant is engaged in a farming business that involves the planting of crops, including soybeans, in Pemiscot County, Missouri.

### II.  FINDINGS

Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, in that one or more of Bayer's claims arise under the laws of the United States, as well as 28 U.S.C. § 1338, granting district courts original jurisdiction over any civil action regarding patents. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all of Bayer's non-federal question claims.

Venue is proper in this judicial district and this Court has personal jurisdiction over Defendant because Defendant resides in and operates his business in Pemiscot County, a county within the Eastern District of Missouri. In addition, Bayer's claims arose within this judicial district, where Defendant committed patent infringement.

Bayer is in the business of developing, manufacturing, licensing, and selling agricultural biotechnology, agricultural chemicals and other agricultural products. After the investment of substantial time, expense, and expertise, Bayer invented agricultural biotechnologies consisting of genetic traits that enable crops, such as soybeans, to express resistance to glyphosate and dicamba-based herbicides, including Roundup® and XtendiMax® branded herbicides. These biotechnologies have been utilized by Bayer in soybean seed. These crop biotechnologies include the Roundup Ready 2 Yield® genetic trait, which is embodied in Roundup Ready 2 Yield®, Roundup Ready 2 Xtend®, and XtendFlex® soybeans, as well as the Roundup Ready 2 Xtend® trait, which is embodied in Roundup Ready 2 Xtend® and XtendFlex® soybeans.

Bayer's Roundup Ready 2 Yield® and Roundup Ready 2 Xtend® biotechnologies are protected under patents issued by the United States Patent Office, including U.S. Patent No. 9,944,945 ("the '945 patent") and U.S. Patent No. 7,838,729 ("the '729 patent"). Prior to the events giving rise to this action, the '945 and '729 patents were issued and assigned to Monsanto Technology LLC and exclusively licensed to Bayer CropScience LP. The claims of the '945 and '729 patent are valid and enforceable.

Bayer and seed companies authorized to sell Bayer's patented biotechnologies placed the notice required by 35 U.S.C. § 287(a) that the Roundup Ready 2 Yield®, Roundup Ready 2

Xtend®, and XtendFlex® biotechnologies are patented on the labeling of all bags containing Roundup Ready 2 Yield®, Roundup Ready 2 Xtend®, and XtendFlex® soybeans.

Under the terms of Bayer's limited use license agreements, referred to as "Technology Stewardship Agreements," through which Roundup Roundup Ready 2 Yield®, Roundup Ready 2 Xtend®, and XtendFlex® soybeans are sold, a purchaser is only authorized to use the seed for planting a commercial crop in a single growing season, and is prohibited from saving harvested seed for the purpose of planting a subsequent crop. Purchasers are further prohibited by law and Bayer's limited use license agreements from using unapproved and unlabeled dicamba herbicide formulations over the top of their Roundup Ready 2 Xtend® and XtendFlex® crops.

Defendant knowingly, intentionally, and willfully planted saved Roundup Ready 2 Xtend® soybeans without authorization during the crop years 2020, 2021 and 2022. Defendant also knowingly, intentionally, and willfully sprayed unapproved and unlabeled dicamba herbicide formulations over the top of his Roundup Ready 2 Xtend® soybean crops during the crop years 2020, 2021 and 2022.

Defendant, by his actions of planting unauthorized Roundup Ready 2 Xtend® soybeans and spraying unapproved and unlabeled dicamba formulations over the top of those soybean crops infringed the '945 and '729 patents in violation of 35 U.S.C. §271(a). These actions further were a breach of contract, in violation of the Technology Stewardship Agreements entered into between Defendant and Bayer.

The Defendant's planting of saved Roundup Ready 2 Xtend® soybeans and spraying of unapproved and unlabeled dicamba formulations over the top of such soybean crops without authorization from Bayer constitutes patent infringement with willful and reckless disregard of

Bayer's patent rights in the '945 and '729 patents, rendering the case exceptional under 35 U.S.C. § 285.

The Defendant's infringing activities of planting saved Roundup Ready 2 Xtend® soybeans and spraying unapproved and unlabeled dicamba formulations over the top of these soybean crops without authorization were intentional and willful. Defendant further attempted to conceal from Bayer the fact that he was planting saved Roundup Ready 2 Xtend® soybeans and spraying unapproved and unlabeled dicamba formulations over the top of these soybean crops without Bayer's authorization.

It is the specific intent and desire of Bayer and the Defendant that the Findings set forth herein be binding upon them and be given full collateral estoppel effect in any litigation that might subsequently arise between them.

### III. MONETARY DAMAGES

In accordance with the provisions herein, and by consent of the parties, judgment is entered against Defendant, Danny Glass d/b/a Glass Farms, in favor of Plaintiffs in the amount of $454,175.00.

### IV. PERMANENT INJUNCTION

Defendant is permanently enjoined from (1) making, using, saving, planting, selling, offering to sell, importing, or otherwise transferring any soybean or other seed containing Plaintiffs' patented biotechnologies covered by any patent including U.S. Patent Nos. 9,944,945 and U.S. Patent No. 7,838,729, without express written permission, and (2) applying unapproved formulations of dicamba-based herbicides to Roundup Ready 2 Xtend® crops.

IT IS SO ORDERED.

Dated: April 3rd, 2025

_____
United States District Judge

Approved by:

Bayer CropScience LP and Monsanto Technology, LLC

Danny Glass

/s/ Daniel C. Cox
By: Daniel C. Cox of Thompson Coburn LLP

Wendell L. Hoskins II
_____
By: Wendell L. Hoskins II of the Law Office of Wendell L. Hoskins II